# THE

# NEW YORK SUPPLEMENT

## VOLUME 122

(137 App. Div. 43.)

### WALDER v. ENGLISH.

(Supreme Court, Appellate Division, Second Department.   March 31, 1910.)

1. LANDLORD AND TENANT (§ 129*)—ACTIONS AGAINST LANDLORD—ADMISSIBILITY OF EVIDENCE.

Defendant's husband leased to plaintiff property belonging to defendant, and plaintiff sued for damages for failure to give possession of the property and for the amount paid on the rent.   *Held*, that the lease executed by the husband was admissible in evidence, and the receipts for the money paid, although the lease was not binding upon defendant because she had not authorized her husband to make the lease; the money having been paid to her husband in her presence and with her approval.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 129.*]

2. MONEY RECEIVED (§ 18*)—SUFFICIENCY OF EVIDENCE.

In an action to recover money paid defendant's husband as rent on property belonging to defendant and rented to plaintiff by the husband without authority, evidence *held* to sustain a finding that the money belonged to the plaintiff, and that there was an implied promise on the part of defendant to return the same, unless she complied with the conditions of the lease.

[Ed. Note.—For other cases, see Money Received, Dec. Dig. § 18.*]

Burr, J., dissenting.

Appeal from Westchester County Court.

Action by Henry Walder against Bridget English.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

Joseph W. Middlebrook, for appellant.

Michael J. Tierney and Walter G. C. Otto, for respondent.

WOODWARD, J.   The plaintiff brings this action to recover damages alleged to have been sustained by reason of a breach of contract on the part of the defendant for the lease of certain premises in Dobbs Ferry.   The complaint alleges in substance that the defendant, acting through her husband, James English, as agent, entered into a contract with the plaintiff for the leasing of certain hotel premises in Dobbs Ferry, at an annual rental of $900, to be paid monthly in ad-

vance, the term being five years; that the plaintiff, at the demand of the defendant, paid $300 upon such rental, and in July, 1907, at the beginning of the term, demanded possession of the premises, which was refused, and continued to be so refused up to the time of the commencement of the action. The complaint demanded judgment for $25 per month during the term, and for the $300 paid in advance upon the rental. The answer put all of the material allegations of the complaint in issue, and it developed upon the trial that the defendant had not authorized her husband in writing to enter into the lease for a term of years, and, upon defendant's motion to dismiss the complaint, the motion was granted in so far as it related to the damages alleged for failure to place the defendant in possession of the premises, but was denied in so far as it involved the $300 paid in advance upon such lease. This question was fairly litigated, and there was evidence to show that the plaintiff paid a portion of the $300 to the defendant's husband in her presence, and after a conversation in which the defendant had declared herself as being satisfied with the lease, and the defendant herself admits that she did not make any complaint in the premises until she discovered that her husband had exceeded his authority and had attempted to lease the entire building, instead of a portion of it.

The learned court charged the jury that the action "is brought by the plaintiff, Henry Walder, against Mrs. Bridget English to recover the sum of $300. There was another claim embodied in the pleadings at the outset of the case, but the case has taken such a turn as that by mutual consent there is only one question to be submitted to you, and that relates to whether or not this defendant shall pay back to the plaintiff the sum of $300, which was passed from hand to hand on the 11th day of June, 1907." There was no exception to this part of the charge, and the record indicates that certain amendments to the pleadings, which are not set forth, were allowed, with directions that they be inserted in the judgment roll. These were doubtless for the purpose of conforming the pleadings to the cause of action actually litigated. We think the introduction of the lease and certain receipts in evidence, the lease being executed by James English, was not error. The complaint alleged the making of a contract in behalf of the defendant by her husband, James English, and the defendant denied this. It was proper to show that a contract of the nature alleged in the complaint had been made, as one of the steps in showing that it was done in behalf of the defendant, and when the plaintiff failed to show that the authority was in writing, as was necessary under the statute, he failed to establish this much of the cause of action alleged, but it was competent as showing the foundation for the payment of the $300, and when the defendant admitted that James English had some authority, and it was shown that he received the $300 in her presence and with her approval, and that she refused to give the plaintiff possession under the lease, there was evidence from which the jury were entitled to find that the $300 belonged to the plaintiff. There was an implied promise on the part of the defendant to return the same unless she complied with the conditions of the lease under which she came into possession of the same. As has been well said, she was not entitled to keep both

the premises and the money which had been paid to her as the rental of such premises.

The judgment and order appealed from should be affirmed, with costs. All concur, except BURR, J., who dissents.